## SARAH A. COLE *versus* JOHN S. EDGERLY.

Where the amount of a mortgage debt, under a mortgage by a husband and wife, was paid to the assignee of the mortgage by the husband, the wife not being present, or shown to have knowledge of the transaction, and the assignee, by direction of the husband, conveyed the estate to a third party by deed without formally assigning the debt, this is not a payment of the mortgage, it being manifestly the design of the parties that it shall be kept up as a subsisting estate. Such a conveyance is good against all except those who stand in the place of the mortgager, and even against them, until redemption.

The remedy of the wife's assignees, after the husband's decease, is by bill in equity; and if, on investigation, it is determined that the mortgage is not foreclosed as against her, she may be entitled to redeem.

WRIT OF ENTRY. On an agreed statement of facts.

The demandant claims title as follows: — The premises were owned and occupied by Seth Storer for a series of years prior to and at the time of his death; they were set off to Olive, wife of John Spring, and daughter of said Storer, in the partition of his estate amongst his heirs; and Olive Spring conveyed the premises by quitclaim to the demandant, Dec. 14, 1854, acknowledged and recorded Aug. 19, 1857. John Spring died Aug. 17, 1858.

The tenant's title was derived from a mortgage made by John Spring and Olive, his wife, January 4, 1833, to the President, Directors and Company of the Saco Bank; deed of said bank, by their President, to Jonathan King and others, trustees, dated September 20, 1833; deed of Jonathan King

and others, trustees, to David Webster, July 13, 1836; deed of Webster to Daniel Burnham, April 18, 1838; copy of a writ, judgment and execution, James Rangely against Webster and Burnham, execution levied July 6, 1839, with other papers necessary to complete the title; deed of James Rangely to Noah Burnham, dated Aug. 18, 1842; copy of will of Noah Burnham, proved in Merrimack county, N. H., September 22, 1857, naming Lyman T. Flint and Daniel Burnham as executors and trustees of his estate. The tenants are holding under their authority.

There was evidence to show that an entry was made to foreclose the mortgage, sometime in 1833 or 1834, by Ether Shepley, in presence of two witnesses; that Spring was present; but there was no positive proof that Mrs. Spring had any notice.

It further appeared, that, just previous to the termination of the time of foreclosure, Spring offered to redeem the mortgage, if King would take an acceptance on a Portland Bank, due in sixty days, for $5000. This King, at last, consented to do, and agreed that if the acceptance was paid at maturity, it should be the same as if paid in time. The check was duly paid, and also the balance of the money due; and, by Spring's request, a deed was made by the trustees to Webster, who furnished the acceptance, and the mortgage, mortgage note and deed to Webster, were delivered to Spring.

The papers are very voluminous, embracing the papers in the case of *Rangeley* v. *Spring*, twice heretofore tried in this Court.

The original mortgage and certificate of foreclosure were neither of them produced.

*T. M. Hayes,* for the demandant, contended that the foreclosure, in the manner in which it was made, was ineffectual for want of personal notice to Mrs. Spring, which only could supply the place of continued possession. *Thayer* v. *Smith,* 17 Mass., 431. If the mortgage is by a man and his wife, notice of entry to the husband will not be effectual against

the wife. *Hadley & ux.* v. *Houghton,* 7 Pick., 29; *Swan* v. *Wiswall & ux.,* 15 Pick., 126. Where one claims title to real estate by statutory provisions, he must show a strict compliance therewith. *Storer* v. *Little,* 41 Maine, 69.

2. The mortgage debt was paid before any foreclosure, and Mrs. Spring's interest in the premises thereby discharged. The check and money were offered on the day before the time of redemption expired, and an arrangement made that the payment should be regarded as in season. Payment was afterwards made, and all parties evidently regarded the mortgage as satisfied. No doubt the trustees would have reconveyed the premises if they had been requested so to do, instead of conveying them to Webster. But the conveyance to Webster was made without Mrs. Spring's assent, and cannot affect her rights. And the debt, having been paid before foreclosure, extinguished the mortgage, and no reconveyance was necessary to restore Mrs. Spring's title. 4 Kent's Com., 193–4 and note, (4th ed.) At the termination of her husband's life estate by his death, Mrs. Spring's remainder vested in the demandant, free from any incumbrance, and she is entitled to maintain this action against those who are only strangers and disseizors. *Patch* v. *King,* 29 Maine, 448; *Chadbourn* v. *Rackliff,* 30 Maine, 354; *Williams* v. *Thurlow,* 31 Maine, 392; *Crosby* v. *Chase,* 17 Maine, 369.

*Shepley & Dana,* for the tenant, argued that it was unnecessary for the wife to have notice of the entry to foreclose. She had neither possession nor the right to it, and could not have prevented the entry had she been present. The statute requirements were entirely complied with in making the entry. and this Court cannot add to them. *Storer* v. *Little,* 41 Maine, 69.

2. The payment to King was not made until after the foreclosure was perfected, and was not intended by the parties as a discharge of the mortgage, but as a consideration for the conveyance by the trustees to Webster. In fact, the payment was not made by the mortgagers, but by Webster.

The opinion of the Court was drawn up by

APPLETON, J. — This is a writ of entry to recover a parcel of land in Saco.

The title was originally in Olive Spring, who, on Dec. 14, 1854, conveyed any then existing interest she might have to the demandant.

The tenant's title is as follows : — On Jan. 4, 1833, John Spring and Olive Spring, his wife, mortgaged the premises in dispute, which belonged to her, to the President, Directors & Co., of the Saco Bank.

On Sept. 30, 1833, the President, &c., of the Saco Bank assigned their mortgage to Jonathan King and others, as trustees of the Saco Bank.

On the 9th or 10th of May, 1833, an entry was made to foreclose the mortgage, and notice thereof given to John Spring; but it is insisted that Mrs. Spring was not notified of this entry, and that, as to her, it was ineffectual.

On July 13, 1836, Jonathan King and others, trustees, transferred their interest in the premises to David Webster.

On April 18, 1838, David Webster gave a deed of the premises to Daniel Burnham, and, on July 6, 1839, James Rangely, having previously recovered judgment, levied his execution upon the premises as the property of Webster & Burnham. On Aug. 18, 1842, James Rangely conveyed his interest by levy to Noah Burnham, who deceased in August, 1857, and, by his last will and testament, appointed Daniel Burnham and Lyman T. Flint, trustees and executors.

John Spring, the husband of Olive Spring, died Aug. 17, 1858.

The tenant is in possession under Daniel Burnham and Lyman T. Flint, acting for themselves as well as for the heirs of Noah Burnham.

The plaintiff claims that the mortgage has been paid, and that, so far as regards her grantee, Olive Spring, there has been no foreclosure, and that, having thus either the fee or the equity of redemption, she can maintain this suit.

Upon the facts, as disclosed in the report, it has been de-

termined, and correctly, that the mortgage was not paid and discharged; that, as to John Spring, it is to be deemed foreclosed, and that the interest of the trustees of the Saco Bank was duly conveyed to David Webster. *Rangely* v. *Spring,* 21 Maine, 130; *Rangely* v. *Spring,* 28 Maine, 130; *Shepley* v. *Rangely,* 1 W. & M., 213.

It is unnecessary to determine whether the alleged foreclosure of the mortgage from Spring and wife to the Saco Bank was binding or not on Mrs. Spring, because, assuming it to be ineffectual, for want of notice to her, or for want of continued possession in the mortgagees or their assigns, we think the action is not maintainable.

If the mortgage was foreclosed, so as to bind Mrs. Spring, the plaintiff has no claim.

If not so foreclosed, then Rangely by his levy acquired nothing but the life estate of John Spring, and, upon his decease, all rights under the levy would cease.

But, if the mortgage was not foreclosed, neither was it paid. It was manifestly the design of all parties, that it should be kept up as a subsisting estate. The deed from King and others to Webster, and from Webster to Burnham, operated as assignments of the mortgage. *Hill* v. *More,* 40 Maine, 515. An assignment of a mortgage by a quitclaim deed is effectual, if such be the intent of the parties. *Crooker* v. *Jewell,* 31 Maine, 519. A mortgagee in possession may, by a deed in common form, and without assigning the debt, convey a seizin that shall be good against all but those who stand in the place of the mortgager, and, even as against them, until redemption. *Hutchins* v. *Carleton,* 19 N. H., 487; *Smith* v. *Smith,* 15 N. H., 55.

By the deed from Webster to Burnham of April 18, 1838, the fee passed to the grantee, if the mortgage was foreclosed as against all parties. If the foreclosure was insufficient to bind Mrs. Spring, then it operated as an assignment of the bank mortgage to him, and he has never been divested of this title, and must be regarded as in possession under a mortgage not foreclosed. The tenant is in under Daniel Burn-

ham. There is no evidence that there are two persons of that name, and we cannot presume such to be the fact, without proof. Upon the facts, as admitted in the case, the tenant is entitled to call in aid the title of Burnham, whatever it may be.

The remedy of the plaintiff is by bill in equity; and if it should be determined that the mortgage is not foreclosed as against Mrs. Spring, she may be entitled to redeem.

*Plaintiff nonsuit.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, DAVIS, and KENT, JJ., concurred.